**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHAR-RIK MOLLEY, | : | |
| Plaintiff, | : | Civil No. 10-6431 (NLH) |
| v. | : | |
| ATLANTIC CITY PARAMEDICS, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SHAR-RIK MOLLEY, | : | |
| Plaintiff, | : | Civil No. 10-6432 (NLH) |
| v. | : | |
| DR. STEVEN GIAMPACARO, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SHAR-RIK MOLLEY, | : | |
| Plaintiff, | : | Civil No. 10-6433 (NLH) |
| v. | : | |
| ATLANTIC CITY HOSPITAL, et al., | : | |
| Defendants. | : | |

**O P I N I O N**

**APPEARANCES:**

    SHAR-RIK MOLLEY, Plaintiff pro se
    #189299
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**HILLMAN**, District Judge

    Plaintiff, Shar-Rik Molley ("Molley"), a state inmate confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, at the time he submitted the above-captioned Complaints for filing, seeks to bring these actions in forma pauperis. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At the outset, the Court has determined, sua sponte, that the three actions filed by Molley should be consolidated, pursuant to Fed.R.Civ.P. 42(a), because the actions involve common questions of law and fact arising from the same incident. Moreover, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court must review the three Complaints at this time to determine whether they should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaints should be dismissed without prejudice for failure to state a cognizable claim of a federal

2

constitutional violation at this time, and for failure to assert facts to support diversity jurisdiction under 28 U.S.C. § 1332.

## I. BACKGROUND

Plaintiff Molley brings these civil actions, pursuant to 42 U.S.C. § 1983, against the following defendants: as to Civil No. 10-6431 (NLH), the Atlantic City Paramedics, Ms. Michele Doe and Michael Doe; as to Civil No. 10-6432 (NLH), Dr. Steven Giampacaro, Dr. Chris Giampacaro, and CFG Health Systems; and as to Civil No. 10-6433 (NLH), the Atlantic City Hospital and the AtlanticCare doctors. (Complaints, Caption and ¶¶ 3b, 3c and 4). The following factual allegations are taken from the Complaints, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Molley alleges that, on or about June 15, 2010, he was involved in a serious car accident where he allegedly sustained injuries. He states that, on that date, the Atlantic City Paramedics, and in particular, Michele Doe and Michael Doe, failed to diagnose plaintiff's head trauma, treating his scalp wound superficially with a cleaning solution to rinse away the blood, and then told plaintiff to walk to the hospital if he wanted further treatment. (Civil No. 10-6431 (NLH) Complaint at ¶¶ 3c and 4).

Molley further alleges that defendants Dr. Steven Giampacaro and Dr. Chris Giampacaro, his primary care doctors, provided

negligent medical care to plaintiff after his June 15, 2010 car accident.  Molley alleges that the doctors sent him to a lawyer first before providing treatment.  The doctors then prescribed plaintiff Zanax, Percocet and "Lowpressor", as well as therapy.  Molley contends that the medication caused him to have seizures and amnesia, and he would forget his therapy sessions.  He further complains that Dr. Giampacaro did not make an appointment for plaintiff to see a neurologist (although the hospital allegedly had recommended it) until after Molley missed several therapy sessions due to memory loss.  (Civil No. 10-6432 (NLH) Complaint at ¶¶ 3b and 4).

   Finally, Molley alleges that the Atlantic City Hospital and the AtlanticCare doctors at the hospital provided negligent care after plaintiff's June 15, 2010 car accident from which he allegedly suffered a black out or loss of consciousness.  Molley claims that these defendants failed to diagnose his head trauma after a CAT scan, and basically treated plaintiff "as if nothing was actually wrong with [him]."  (Civil No. 10-6433 (NLH) Complaint at ¶¶ 3b and 4).

   Molley seeks monetary compensation from the defendants for their negligent care.  Namely, he asks that his medical bills be paid and that the defendants be held responsible for their inaction and negligent care.  (Complaints at ¶ 5 "Relief").

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This consolidated action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an
§ 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides

6

that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

7

>     complaint, they must be supported by factual allegations.
>     When there are well-pleaded factual allegations, a court
>     should assume their veracity and then determine whether they
>     plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly.  Fowler, 578 F.3d at 210.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

---

[2]  In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

>First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, see Erickson v. Pardus, 551 U.S. 89 (2007), a principle we apply even after Iqbal. Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

III. <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this consolidated action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV. <u>ANALYSIS</u>

It appears from plaintiff's allegations in his Complaints that Molley is asserting claims of medical negligence against the defendants for their failure to diagnose plaintiff's head trauma or provide proper medical care for his alleged injuries from a car accident. Plaintiff's claim of medical negligence fails to state a claim of a federal constitutional violation. <u>See</u> <u>Davidson v. Cannon</u>, 474 U.S. 344, 345-48 (1986); <u>Schwartz v. County of Montgomery</u>, 843 F. Supp. 962 (E.D. Pa.), <u>aff'd</u>, 37 F.3d 1488 (3d Cir. 1994) (mere negligence insufficient to support a

§ 1983 action for violation of the Eighth or Fourteenth Amendments). Moreover, plaintiff's allegations show that the named defendants are not state actors subject to § 1983 liability.

Consequently, this consolidated action may proceed under federal jurisdiction only if plaintiff can show diversity jurisdiction, namely, that plaintiff and defendants are citizens of different states, or if plaintiff is a citizen of a state and defendant is a citizen of a foreign state, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. Under § 1332, a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business.

It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, *i.e.*, each plaintiff must be a citizen of a different state from each defendant. Owen Equipment and Erection Co. V. Kroger, 437 U.S. 365 (1978). In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction. Id.

In the present case, the Complaint fails to state anything about the citizenship of the defendants, and it appears likely that the defendants are citizens of the State of New Jersey where the incident at issue occurred. Molley fails to provide any

11

information as to defendants' domicile or residence.  However, it is clear that Molley is confined here in the State of New Jersey.  Therefore, the Complaint does not assert complete diversity between plaintiff and defendants necessary to satisfy § 1332(a).  Additionally, Molley fails to allege that his matter in controversy exceeds the sum or value of $75,000.00.

Accordingly, because the Complaint fails to assert diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), and there is no federal question jurisdiction over any state law claim that may be construed from the Complaint against any of the named defendants (who are not state actors), pursuant to 28 U.S.C. § 1331, this Court will dismiss the Complaints in this consolidated action without prejudice for failure to allege sufficient facts to establish federal jurisdiction.  The dismissal, pursuant to 28 U.S.C. § 1915(e), is without prejudice to plaintiff's right to file an amended complaint within forty-five (45) days if there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  In other words, Molley may seek to reopen this consolidated case if he can show facts to support diversity jurisdiction as set forth above.

## IV.  CONCLUSION

For the reasons set forth above, the Court will consolidate the Complaints filed in Civil No. 10-6431 (NLH), Civil No. 10-6432 (NLH) and Civil No. 10-6433 (NLH), pursuant to <u>Fed.R.Civ.P.</u>

42(a), and the consolidated action will be dismissed without prejudice, in its entirety as against all named defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(B)(1), for failure to state a claim upon which relief may be granted at this time, and for failure to support diversity jurisdiction under 28 U.S.C. § 1332, or federal question jurisdiction under 28 U.S.C. § 1331.  An appropriate order follows.


                                           /s/ Noel L. Hillman  
                                           NOEL L. HILLMAN  
                                           United States District Judge  
Dated: June 13, 2011

At Camden, New Jersey